# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CANDACE WILLRICH | § § | |
| v. | § § | CASE NO. 4:14-CV-602 |
| | § | (Judge Mazzant/Judge Nowak) |
| US ATTORNEY GENERAL ERIC HOLDER, | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY AND EASTERN DISTRICT | § | |
| FEDERAL COURT OF TEXAS | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 21, 2015, the report of the Magistrate Judge (Dkt. #20) was entered containing proposed findings of fact and recommendations that Defendants U.S. Attorney General Eric Holder and Eastern District of Texas's Motion for Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1) and for Failure to State a Claim Under Rule 12(b)(6) (Dkt. #10) be granted. The Magistrate Judge recommended Plaintiff's claims be dismissed with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #20).

Plaintiff asserts various claims against the Attorney General of the United States and the United States District Court for the Eastern District of Texas (Dkt. #20 at 1-2). Plaintiff contends that she has medical implants throughout her person that were placed without her permission ostensibly by Defendants, and that she is unable to identify a physician or surgeon who will admit to the existence of these implants or remove them (Dkt. #1 at 1). Plaintiff further claims that she was battered when she walked into the federal courthouse for the Eastern District

of Texas in Plano, Texas, and that courthouse security officials and United States Marshals denied that the battery occurred. *Id*. at 3-4. Plaintiff alleges that on September 11, 2014, Plaintiff called the Eastern District of Texas Clerk's Office and a woman named "Christine" answered the phone. *Id*. at 4. Plaintiff asserts that this woman sounded like her former physician, who was also named "Christine," and that this court employee was playing with her in an attempt to harass and intimidate her. *Id*. Plaintiff also alleges that Defendants are part of a conspiracy to sexually assault her, batter her person, steal her property, prostitute her, and communicate into her head, home, and car. *Id*. at 4-6. The Magistrate Judge recommended that Plaintiff's claims be dismissed with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (*See* Dkt. #20).

On August 7, 2015, Plaintiff filed her Objections to Report and Recommendations of Magistrate's Ruling (DKT #20) (Dkt. #22). In her objections, Plaintiff declares that "the value of her intellectual property is one of the primary reasons for why public servants are battering her publicly and openly" (Dkt. #22 at 2). Plaintiff alleges, "they intentionally made attempts to damage her professional reputation, damage her intellect, her writing, her management skills, her mathematics skills, leadership skills, her health, her safety, and her life as they raided her business and its assets." *Id*. Plaintiff contends that Defendants are able to shoot "something" at Plaintiff anywhere in the United States to "harm her severely and take her life," and that Defendants' "conduct was intentional and reckless." *Id*. Plaintiff claims that the United States District Court for the Eastern District of Texas[1] and other federal courts in Texas are in conspiracy with the State of Texas, the federal government, the United States Marshals, and others to "deny the truth of the battery (hits against her person), and to play with her mentally…

---
[1] Plaintiff refers to this Court as the "Eastern District of Texas Federal Court."

raid[] Plaintiff's assets and her valuable intellectual property." *Id*. Notably, Plaintiff acknowledges that she has "filed several suits in this court and in the Northern District Court of Texas and admits that all of her allegations are similar." *Id*. at 3. Plaintiff alleges that various law enforcement officers and/or agencies are "violating her human rights, civil liberties, and international human rights" by failing to "take her report and will deny these allegations as the Northern District of Texas federal judges did during 2013 and as federal judges in this court did during 2014 and now 2015." *Id.*

Plaintiff more specifically asserts that her constitutional rights have been violated because she (1) sent numerous reports to the U.S. Department of Justice and Texas Attorney General's Office; (2) reported multiple offenses to Texas police officers; (3) Texas police officers "exhibit[ed] a serious behavior issue towards her as if they would put her under false arrest if she continued reporting the truth"; (4) police officers prohibited her from filing any other reports; (5) "someone sexually assaulted her and changed her sexuality from heterosexual to homosexual in an anti-gay state"; (6) the facts of this litigation are public record and her relatives have won a number of lawsuits regarding these same or similar facts; (7) she was stalked and battered by United States public servants on foreign soil; (8) "Texas Attorney General Ken Paxton tried to murder her this year by knocking her on the floor, and that US Attorney General Loretta Lynch, former US Attorney General Eric Holder, and US Marshals participated in the act"; (9) she is being improperly displaced from Texas; and (10) she asked for the arrest of her local police officers, the resignation of Texas Attorney General Paxton, Governor Greg Abbott, United States Attorney General Loretta Lynch and former United States

Attorney General Eric Holder, and for the impeachment of President Obama, and these requests put her life in danger (Dkt. #22 at 3-5).[2]

*Plaintiff's Procedural Objections*

Plaintiff asserts various miscellaneous objections that are procedural in nature, including: that she should have been (i) allowed to transfer this litigation to another state; (ii) allowed to amend her complaint; (iii) referred to a pro bono attorney; and (iv) that she was denied discovery on this suit (Dkt. #22 at 5). Turning first to these procedural objections, transfer of venue would not be appropriate in this case, as Plaintiff failed to file a motion to transfer, and has not demonstrated that venue is improper in the Eastern District of Texas or shown that this litigation would be more convenient in any other venue [s*ee generally* docket sheet for 4:14-cv-602]. Moreover, Plaintiff is not entitled to amend her complaint, as any such amendments would be futile. *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 872–73 (5th Cir. 2000) (a proposed amendment is futile if it "would fail to state a claim upon which relief could be granted"); *Computer Acceleration Corp. v. Microsoft Corp.,* 481 F. Supp. 2d 620, 626 (E.D. Tex. 2007). Finally, Plaintiff is not entitled to the appointment of a pro bono attorney, and is not entitled to conduct discovery in this suit as her claims are barred by the doctrine of sovereign immunity. *See Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990) ("There is no automatic right to the appointment of counsel."); *Freeman v. United States*, 556 F.3d 326, 342 (immunity is intended to shield the defendant from the burden of defending the suit, including the burden of discovery). Accordingly, the Court finds Plaintiff's procedural objections are overruled.

*Objection 1 - Magistrate Judge's Analysis on Subject Matter Jurisdiction*

Plaintiff first objects to the Magistrate Judge's analysis of subject matter jurisdiction, stating, specifically, that she is "suffering from extreme oppression at the hands of the states and

---

[2] There are many other factual statements alleged by Plaintiff, these are just exemplars.

the US Government and their officials… and that this oppression affected every civil liberty available to Plaintiff including the fundamental right to free speech" (Dkt. #22 at 6). Plaintiff also objects to the Magistrate Judge's finding that Defendants were entitled to sovereign immunity. *Id*. Plaintiff asserts that she has shown that there was a valid waiver of sovereign immunity because she has shown that Defendants violated her civil liberties and that these violations are "extreme, cruel, harsh, and should be considered human torture." *Id*. Plaintiff also objects to the statement that her claims are "wholly insubstantial," and any denial that the alleged battery occurred is "heinous and violent." *Id*. at 7.

The Magistrate Judge found that Plaintiff's allegations against the United States Attorney General Eric Holder and the United States District Court for the Eastern District of Texas are, in fact, allegations against the United States, and that Plaintiff failed to demonstrate a valid waiver of sovereign immunity (Dkt. #20 at 6-7). "[T]he United States cannot be sued unless its sovereign immunity has been explicitly and unequivocally waived through Congressional statute." *Taylor v. United States*, 292 F. App'x 383, 385 (5th Cir. 2008); *see also Wagstaff v. U.S. Dep't of Educ*., 509 F.3d 661, 664 (5th Cir. 2007) ("In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity."). The Magistrate Judge concluded that the Court lacked subject matter jurisdiction because Plaintiff's claims lacked a plausible foundation (Dkt. #20 at 6-7). The Court agrees. Plaintiff's allegations are not plausible. Plaintiff alleges that these Defendants, a large number of law enforcement officials, and various federal public servants, are involved in a conspiracy to shoot digital rays or "something" at Plaintiff's body, to manipulate and steal her thoughts, to murder her, and other similarly implausible allegations. The Court lacks subject matter jurisdiction over these claims, and Plaintiff's first objection is overruled.

*Objection 2 - Magistrate Judge's Analysis on Failure to State a Claim*

Plaintiff next objects to the Magistrate Judge's analysis finding that Plaintiff failed to state a claim (Dkt. #22 at 7-8). Plaintiff contends that even if the Magistrate Judge's report and recommendation was correct, she should be allowed to amend her complaint to correct any deficiencies. *Id*. The Magistrate Judge clearly stated the legal standard applicable to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, and applied that analysis correctly according to binding United States Supreme Court precedent (*See* Dkt. #20 at 3-5, 8-9). The Magistrate Judge found that Plaintiff's allegations were conclusory, and not entitled to an assumption of the truth (Dkt. #20 at 8). Moreover, the Magistrate Judge determined that Plaintiff's complaint lacked any factual allegations that plausibly suggested an entitlement to relief. *Id*. Plaintiff's allegations are simply not plausible, and do not allow the Court to conclude that Plaintiff has sufficiently stated a claim against these Defendants. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). Accordingly, the Court finds that Plaintiff's objection is overruled.

*Objection 3 - Magistrate Judge's Notice to Plaintiff*

Plaintiff also objects to the Magistrate Judge's "Notice to Plaintiff," stating that "Plaintiff does not have an extensive history of filing frivolous cases anywhere in the United States" (Dkt. #22 at 8). Plaintiff states that the United States Court of Federal Claims directed her to a lower court for settlement purposes, and the Northern District of Texas "grossly discriminated" against her by misstating facts and making incorrect rulings. *Id*. Plaintiff argues that "nothing presented to this court or any other court should ever prohibit her from filing future cases." *Id*. at 9. To the extent this is construed as a proper objection, Plaintiff's history of filing frivolous claims is well-documented by the Magistrate Judge, as well as other courts (Dkt. #20 at 9-12 (citing cases)). This Court and Courts for the Northern District of Texas have repeatedly warned Plaintiff that

"abuses of the litigation process – such as filing frivolous cases – may result in sanctions, including monetary sanctions, and the prohibition of filing future cases except by leave of Court." *Id*. at 10-11. The Court possesses the inherent power "to protect the efficient and orderly administration of justice and… to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in the Court's inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*. Plaintiff has filed numerous cases in the United States Court of Federal Claims, the United States District Court for the Northern District of Texas, and this Court. Plaintiff's conduct is vexatious and she has abused the judicial system by filing numerous, frivolous lawsuits. Accordingly, the Magistrate Judge's recommendation of imposing a pre-filing injunction on future lawsuits is appropriate, and Plaintiff's objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #22), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #20) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants U.S. Attorney General Eric Holder and Eastern District of Texas's Motion for Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1) and for Failure to State a Claim Under Rule 12(b)(6) (Dkt. #10) is **GRANTED**, and Plaintiff's case is **DISMISSED** with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

It is further **ORDERED** that Plaintiff is enjoined from future filings, as follows:

Plaintiff is prohibited from filing in or removing to the Eastern District of Texas without leave of Court any case based in whole or in part on events before the date of July 21, 2015, any action arising out of her allegations regarding her medical implants; various government officials being able to "hit" at her medical implants, hear her thoughts, communicate to her, or otherwise manipulate her thoughts; violations of her civil or constitutional rights; battery; and any other allegations regarding a conspiracy by the federal government to harm Plaintiff that occurred prior to the date of July 21, 2015.

Plaintiff is required to obtain leave of Court pursuant to this Memorandum Adopting Report and Recommendation of United States Magistrate Judge, which must first be obtained from an active Eastern District of Texas Judge assigned to the Division in which the case would be filed or the Chief Judge of the Eastern District of Texas.

The Clerk of Court is directed to reject any filings that Plaintiff submits in violation of the Court's instructions.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**

**SIGNED this 3rd day of September, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE